UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:13-cr-49-GFVT-HAI-5 |
| V. | ) ) ) | |
| GLADYS MITCHELL, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 411] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Gladys Mitchell, is charged with violating three conditions of her supervised release, including that she: (i) not unlawfully possession or unlawfully use a controlled substances; (ii) "not commit another federal, state or local crime;" and (iii) "report to the probation officer in a manner and frequency directed by the Court or the probation officer." *Id.* at 1-2. Judgment was originally entered against the Defendant on November 2014, after Ms. Mitchell pled guilty to participating in a conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. *Id.* at 1. She was originally sentenced to thirty months followed by a three-year term of supervised release. *Id.* Ms. Mitchell began her term of supervised release on March 18, 2016. *Id.*

On September 27, 2018, Defendant submitted a urine sample which indicated the consumption of marijuana. *Id.* The results of the drug test triggered Ms. Mitchell's first and second violations. The first violation was for her possession or use of an unlawful controlled

substance. *Id.* The second violation was for committing another federal, state, or local crime. In the Sixth Circuit, if the defendant was previously convicted of a drug crime, then use is construed as possession. Therefore, Ms. Mitchell's conduct constituted possession of a Schedule I controlled substance—a Class E felony. Ms. Mitchell's probation officer attempted to reach her after learning of her failed drug test. *Id.* at 2. Ms. Mitchell did not respond for several weeks. The conditions of Ms. Mitchell's release required her to "report to the probation officer in a manner and frequency directed by the Court or probation officer." *Id.* Her lack of communication was her third and final violation of supervisory release. *Id.*

Ms. Mitchell was arrested on December 17, 2018, for violating the conditions of her supervised release. *Id.* At the final revocation hearing, held on January 7, 2019, Mitchell competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 408.] On January 8, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mitchell's supervised release with a term of imprisonment of time-served, followed by a one-year term of supervised release, the first three months of which will include home detention without electronic monitoring. [R. 411 at 8.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended below-Guidelines sentence and noted that Ms. Mitchell had completed two-and-a-half years of her supervision without incident. *Id.* at 5. Indeed, Ms. Mitchell had performed well under supervision, even becoming a manager of a restaurant. The closure of that restaurant undoubtedly played a role in the Ms. Mitchell's failure to completer her term of supervised release. Ms. Mitchell's original conviction was also "safety valve" eligible because she did not play an aggravating role in the meth production conspiracy. And, this current violation did not

2

involve the use of a methamphetamine or another hard drug. Therefore, Ms. Mitchell's sentence of time-served, approximately 22 days, is sufficient, especially since she spent the entirety of the holidays in detention. While her breach of trust is significant, her relatively long compliance on supervision, her successful employment, and her completion of a drug treatment program outweigh invoking a more significant punishment. Ms. Mitchell has accepted responsibility and "own[ed] up to [her] mistake." *Id.* at 7.

Instead of placing Ms. Mitchell in a halfway house the Probation Office has agreed to work on getting her into an adequate drug treatment program upon her release. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Collins submitted a waiver of allocution. [R. 416.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 411**] as to Defendant Gladys Mitchell is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Mitchell is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mitchell's Supervised Release is **REVOKED**;

4. Ms. Mitchell is **SENTENCED** to the term of time-served;

5. A one-year term of supervised release, the first three months of which will include home detention without electronic monitory, and then under the same conditions originally imposed along with the following additional conditions:

   a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

   b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired

prescription medications in your possession, custody, or control at the time of the report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications; and

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

This the 6th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge